# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2353 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Michael Seiser vs. Debra Kirby et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, "Plaintiff's Motion to Strike Answer" [13] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Michael Seiser moves (Dkt. No. 13) under Fed. R. Civ. P. 12(f) for the Court to strike paragraphs 5-13 and 15-18 of the defendants' answer to Seiser's complaint (Dkt. No. 9) because they violate Fed. R. Civ. P. 8(b)(1)(B)'s admonition that an answer must "admit or deny the allegations asserted against it by an opposing party." Seiser's objections to the answer essentially fall into two categories.

First, he objects to answers that include additional facts that were not included in the original allegation. For example, in paragraph 5 of the answer, the defendants respond to an allegation that the Chicago police department received a civilian complaint about Seiser's conduct by responding that "Defendants deny that this was the only complaint regarding Plaintiff's actions." (Dkt. No. 9 ¶ 5.) Second, Seiser objects to several answers that include additional information explaining why the defendants are denying a particular allegation. For example, paragraph 10 of the complaint reads as follows: "10. After being informed that plaintiff had refused to consent to the warrantless search of his vehicle, defendant Kirby directed a Chicago police sergeant to order plaintiff to allow the search of his vehicle." Instead of simply denying the allegation, the defendants respond:

> 10. Defendants deny that Plaintiff has accurately alleged the facts and sequence of the incident, deny that Plaintiff has accurately alleged the facts that led to there being probable cause to believe Plaintiff violated the law or ordinance, deny that Plaintiff has accurately alleged the facts of the investigation of Plaintiff's actions, deny that Plaintiff has accurately alleged the facts and interactions between Defendants, other police personnel and Plaintiff, deny that Plaintiff has accurately set out the proper sequence of events that led to there being probable cause to believe Plaintiff violated the law or ordinance, and therefore, deny the allegations contained in this paragraph.

Rule 12 allows a court to strike a portion of a pleading if it is "redundant, immaterial, impertinent, or

**STATEMENT**

scandalous." However, "motions to strike under Rule 12(f) are not favored and a federal court will not exercise its discretion under the rule to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Charles Alan Wright et al., *Federal Practice & Procedure* § 1261 (rev. 2012).

In this case, the court finds that although the defendants' answer is not a model of clarity, the extraneous material in the answer does not in any way prejudice Seiser. To the contrary, the extra material, particularly in combination with the defendants' response to Seiser's motion to strike (Dkt. No. 14), provides greater detail about the points on which the parties disagree. The answer thus serves the purpose of the pleading process to identify the facts that are at issue. *See* Wright, *supra* § 1261 ("As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial."). Moreover, Seiser has not indicated in his motion how he will be prejudiced by the defendants' answer. The court thus sees no reason to strike it. *Warner & Swasey Co. v. Held*, 256 F. Supp. 303, 313 (E.D. Wis. 1966) ("In its discretion, however, the Court will not strike [a subparagraph] of defendants' answer simply because defendants have chosen to amplify their pleading somewhat and give the Court and the plaintiff more information than perhaps would have been necessary. It is difficult to perceive how the plaintiff could be prejudiced by allowing the allegations . . . to remain.").

*James F. Holderman*